IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARNELL WESLEY MOON,**
**Inmate No. 34077-044,**

**Petitioner,**

vs.

**J.S. WALTON,**

**Respondent.**                                              Case No. 12-cv-1152-DRH

MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

Petitioner, currently incarcerated in the Communications Management Unit at the USP-Marion ("Marion"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to seek restoration of 14 days of good conduct credit which he lost as the result of a disciplinary action (Incident Report No. 2314716) (Doc. 1, p. 2). Without commenting on the merits of petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[1]

**Filing Fee – Pending Motions**

Petitioner filed a motion for leave to proceed *in forma pauperis* ("IFP") in this action on November 5, 2012 (Doc. 2), seeking waiver of the $5.00 filing fee for this action. On November 19, 2012, he filed a motion to proceed without

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

payment of an initial partial filing fee (Doc. 5). In the latter motion, he contends that although his inmate trust fund account shows a balance of $24.17, his "available" balance is effectively zero because any funds are encumbered for previously-incurred court fees, fines, and restitution. The Clerk has requested an updated inmate account statement from the trust fund officer at Marion (Doc. 6), and the undersigned Judge shall rule on petitioner's motions after the receipt of this information.

A response shall be ordered so that this matter may proceed in a timely fashion. However, if petitioner is ultimately ordered to pay the filing fee, this action shall be subject to dismissal if he does not comply with a payment order. *See* FED. R. CIV. P. 41(b).

**Disposition**

**IT IS HEREBY ORDERED** that respondent shall answer or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a

United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 26th day of November, 2012.

Digitally signed by
David R. Herndon
Date: 2012.11.26
12:20:34 -06'00'

**Chief Judge**
**United States District Court**