IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DARNELL W. MOON,**          )
                              )
          **Petitioner,**     )
                              )
**vs.**                       )   **Civil No.  12-cv-1152-CJP**[1]
                              )
**J. S. WALTON,**             )
                              )
          **Respondent.**     )

<u>**MEMORANDUM and ORDER**</u>

**PROUD, Magistrate Judge:**

Darnell W. Moon filed a petition for writ of habeas corpus under 28 U.S.C. §2241challenging the loss of 14 days of good conduct credit imposed as a sanction pursuant to a prison disciplinary proceeding.  (Doc. 1).[2]

<u>**Relevant Facts and Procedural History**</u>

Moon is serving an aggregate 92 month sentence for armed bank robbery, conspiracy to interfere with interstate commerce by robbery, and false claims to the Internal Revenue Service.  His projected release date via good conduct credit is August 5, 2014.  See, Doc. 16, Ex. A.

On July 9, 2012, a correctional officer at USP Marion concluded that Moon attempted to steal food items from the food service area based on his review of a videotape.  He wrote an incident report.  After holding a hearing, a Discipline Hearing Officer (DHO) found Moon guilty of attempted stealing.  The DHO's

---

[1] This case was assigned to the undersigned for final disposition upon consent of the parties pursuant to 28 U.S.C. §636(c).  See, Doc. 28.

[2] According to the DHO report, he lost 13, not 14, days of good conduct credit.  Doc. 16, Ex. B.

written report was dated December 10, 2012.  Doc. 16, Ex. B.

## **Claims Raised in the Petition**

Petitioner claims that his due process rights were violated in the following respects:

1.    There was no evidence to support the DHO's finding of guilt, and the incident report was written to retaliate against Moon for filing complaints against staff.

Respondent argues that the petition must be dismissed because petitioner did not exhaust administrative remedies.

## **Applicable Legal Standards**

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. §2241.  ***Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983).**  However, before the Court can consider such a claim, petitioner must exhaust administrative remedies.  ***Jackson*, 707 F.2d at 949; *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997).**

The exhaustion requirement in §2241 cases is not statutorily mandated, and is therefore not jurisdictional.  The Seventh Circuit has recognized that there can be exceptions to the requirement, but "sound judicial discretion governs." ***Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004)**.  The Supreme Court has identified two purposes for the exhaustion requirement, i.e., protection of the agency's authority, and promotion of judicial economy.  ***Id.*, at 1017**.

The Bureau of Prisons has created an Administrative Remedy Program

which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. §542.10(a).  The Program is described in detail in the Response to the Petition, Doc. 16, p. 2.

### Analysis

Moon mailed his petition on October 30, 2012, before he received the DHO's report.  Doc. 1, p. 9.

Since he did not have the DHO's report, Moon was unable to properly exhaust administrative remedies before filing suit. Moon describes his attempts to exhaust administrative remedies in his petition.   He filed a request for administrative remedy at the institutional level on August 27, 2012.  This was rejected.   He then filed an appeal to the Regional Office, which he says was rejected on October 2, 2012, for "untimeliness/lack of DHO report."  His appeal to the Office of the General Counsel was "denied/rejected procedurally" on October 29, 2012.  Doc. 1, pp. 2-3.   Moon has not submitted copies of any of these documents.  There is no indication that Moon attempted to properly exhaust after he received the DHO's report.

Moon does not argue that he properly exhausted administrative remedies. He admits that his attempt to use the administrative remedy process was denied on procedural grounds.   The BOP requires that an administrative remedy challenging a DHO decision be accompanied by a copy of the decision.  This is sensible, as, until the DHO decision is issued, there is nothing to review.  Further, inmates appealing DHO decisions are not required to first attempt informal

resolution or to file a BP-9 at the institutional level.  28 C.F.R. §542.13(b).  "DHO appeals shall be submitted initially to the Regional Director for the region where the inmate is currently located."  §542.14(d)(2).

The exhaustion requirement in a §2241 case is a common-law requirement, and "although the common law allows of exceptions the hurdle is high." **Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004).**  Failure to exhaust may be excused where "(1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised." **Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004), citing Iddir v. INS, 301 F.3d 492, 498 (7th Cir. 2002).**

Moon argues that exhaustion should be excused because it took the DHO five months to issue his report.  In his reply, Doc. 18, he first argues that a BOP Program Statement requires the DHO to issue his report within fifteen working days of the decision, See, Doc. 18, p. 3-4.  He is incorrect.  First, as respondent points out, the Program Statement does not contain mandatory language; it actually says "The DHO gives the inmate a written copy of the decision and disposition, ordinarily within 15 work days of the decision."  See, Doc. 19, pp. 1-2.  The applicable regulation, 28 C.F.R. §541.8, contains no deadline for the DHO

4

to issue his report.  In any event, the Program Statement and the regulations do not give rise to any due process rights.  **See, *Thomas v. Ramos*, 130 F.3d 754, 760 (7th Cir. 1997), citing *Sandin v. Connor*, 115 S. Ct. 2293, 2298 (1995).**

In order to overcome his failure to exhaust, petitioner must show cause for his failure as well as prejudice.  ***Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986)**.  In this context, cause means an objective factor, external to petitioner, which impeded his ability to exhaust.  ***Moore v. Casnerson*, 345 F.3d 474, 486 (7th Cir. 2003).**  The fact that it took five months for the DHO to issue his report cannot serve as cause.  Under the established procedures, Moon simply had to wait until he received the report and then challenge it at the level of the Regional Director.  On the facts of this case, there was no reason why he could not wait.

Moon suggests that due process is violated by making an inmate wait "for years" for a written report, thereby eliminating his ability to obtain administrative review until it is too late to do him any good.  This Court expresses no opinion on that issue, as it is not presented in this case.  Moon did not have to wait for years. The DHO report was dated December 10, 2012.  He was sanctioned with loss of 13 days of good conduct credit.  Doc. 16, Ex. B.  As his projected release date was not until August, 2014, he had plenty of time in which to pursue administrative remedies.   See, 28 C.F.R. §542.18, setting out response times in the Administrative Remedy Program.

Moon also argues that the Supreme Court intended to include in ***Wolff*** a requirement that the inmate receive the written report within a reasonable period

of time, which he believes is no more than fifteen days.  He admits, however, that the Supreme Court did not include such a requirement in its holding,   This Court is not in a position to read additional requirements into ***Wolff*** in the absence of Supreme Court direction to do so.

## Conclusion

Petitioner did not exhaust administrative remedies, and has not demonstrated cause for his failure.  Therefore, the Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241 **(Doc. 1)** is **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

**DATE:  February 27, 2014.**


**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

6